# RETURETA & WASSEM, P.L.L.C.
ATTORNEYS AT LAW
300 NEW JERSEY AVENUE, NW ~ SUITE 900
WASHINGTON, D.C. 20001
WWW.RETURETAWASSEM.COM

MANUEL J. RETURETA, ESQ. (DC)　　　　　　　　　　　　　　　　　　　　　(202) 450-6119
LEIGH ANNE WASSEM, ESQ. (MD)　　　　　　　　　　　　　　　　　　　FAX: (202) 347-0130

November 1, 2016

Via ECF
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
New York, New York  10007

Re: *United States v. Fabio Lobo Lobo,* 15-cr-174 (LGS)

Dear Judge Schofield:

In anticipation of the November 1, 2016 hearing, the following is respectfully submitted.  The parties agree, and submit to the Court, that significant disagreements exist as to sentence guideline enhancements.  These differences warrant a hearing in anticipation of a final sentencing hearing.

As the Court is aware, Mr. Lobo pleaded guilty to the indictment pending against him [ECF 3] on May 16, 2016.  His plea was to the pending indictment at the time without any agreement with prosecutors.  Prior to Mr. Lobo's plea, the government offered a *Pimentel*[1] letter setting forth its thoughts on what a potential sentence guideline range may reflect.  Since Mr. Lobo's plea, the U.S. Probation Office produced a presentence report that suggested a guideline range and possible enhancements to a guideline recommended offense level and sentence.  Mr. Lobo rejects the analysis and conclusions contained in both the prosecution's *Pimentel* letter and the draft presentence report.

With regard to the draft presentence report, Mr. Lobo specifically objects to any enhancements related to specific offense characteristics or role in the offense.  *See* Draft Presentence Report, p.9, ¶35 (gun), ¶36 (bribe), ¶37 (direct importation), and ¶38 (3-level leader).  *See* U.S.S.G. §2D1.1(b)(1), (b)(11), and

---

[1] See generally *United States v. Pimentel*, 932 F.2d 1029 (2d Cir. 1991).

(b)(15(c), as well as, §3B1.1(b), respectively.  These disputes remain unresolved between the parties and require resolution prior to a final sentencing hearing.

Mr. Lobo respectfully submits to the Court that he objects to any alleged conduct, enhancement or aggravating factor that is beyond what he pleaded guilty to on May 16, 2016, as set forth in the transcript produced of that hearing at pages 16:17 through 18:6; as well as any conduct other than what was alleged in the March 18, 2015 indictment [ECF 3].  Mr. Lobo requests that a hearing take place, pursuant to the authority of *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), to ascertain what, if any, enhancements or reductions are appropriate in his case.

Mr. Lobo submits that as part of the *Fatico* hearing, the government bears the preponderance of evidence standard of proof to support any enhancements. *See United States v. Cordoba–Murgas*, 233 F.3d 704, 708 (2d Cir. 2000). Moreover, the Court has broad discretion at sentencing to establish procedures used at sentencing to assure that the defendant is given an adequate opportunity to present his position as to matters in dispute.  *United States v. Maurer*, 226 F.3d 150, 151 (2d Cir. 2000).  Accordingly, the parties respectfully submit that given the disputed allegations, a *Fatico* hearing is appropriate and would require two-days of evidence gathering.

Wherefore, the parties respectfully request that a two-day period be scheduled in early-January of 2017 for such a *Fatico* hearing.  Should the Court grant the request made by the parties, the November 9, 2016 hearing will not be necessary and the parties ask that it be vacated.

Respectfully submitted,

Manuel J. Retureta, Esq.