**HOWARD LEADER**
ATTORNEY AT LAW
11 PARK PLACE
SUITE 1715
NEW YORK, NEW YORK 10007
TELEPHONE (646) 533-7696
FACSIMILE   (212) 545-7514
E-MAIL HOWARD.LEADER@GMAIL.COM

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

December 23, 2016

United States v. Carlos ZAVALA VELASQUEZ, *et al.*
15 Cr. 174 (LGS)

Dear Judge Schofield:

In accordance with this Court's Order of December 15, 2016, this letter is respectfully submitted for the purpose of seeking the Court's assistance in compelling the government to provide my client, Mr. Zavala, with the discovery which is material to his defense, pursuant to Fed. R. Crim. Proc. Rule 16, as well as under the Fifth Amendment due process clause. (*See*, Docket entry #90).

Status of discovery and requests to date.

By letter dated December 20, 2016 ("Discovery Letter"), I asked the government to produce and disclose a number of items. A copy of the Discovery Letter is attached hereto as Exhibit A.

Because I have been unable to review the voluminous discovery with my client, as the Court will recall, I alerted the government that I was reserving the right to make additional discovery requests, based on a thorough review of all the discovery received to date.

I also reserved the right to make further discovery requests based upon additional discovery that might be provided, or as the need may arise.

The Court should know that, indeed, even as I write, I have just now received an email from the government to alert me to the fact that there is additional discovery awaiting collection. Consequently, the Court should be aware that additional discovery requests and motions would now quite probable.

Moreover, the government is still awaiting the receipt of what is likely to be a large cache of materials from Honduras. Following our appearance at the conference in this matter, also on December 15, 2016, the government sent all defense counsel a copy of an MLAT Request that had been submitted on August 8, 2016, and to which there has been no reply to date.

As I stated in my Discovery Letter to the government:

"In the MLAT Request, the government references the Special Commission in Honduras, established in April 2016 primarily to investigate corruption in its national police force ("PNH"). Specifically, the MLAT Request asserts that the Special Commission 'is believed to have commenced investigations of [the Defendants in this case, including Mr. Zavala] prior to the time the United States announced the charges against the Defendants.' MLAT Request, p.4.

"Further, the government has also requested records be produced by the Honduran Special Commission. Specifically, the government has requested 'certified copies of:

'1. all reports, investigative files, and evidence presented to, evaluated by, or obtained by the Special Commission in connection with its investigation of the Defendants; and

'2. all reports prepared by the Special Commission reflecting its determinations, conclusions, and disciplinary decisions with respect to the Defendants.' MLAT Request, p.9.

"Accordingly, I request copies of any and all of the materials pertaining to Mr. Zavala sought by the MLAT Request as soon as you receive them.

"I also request copies of any and all communications between the Special Commission and any agency of the United States, including but not limited to the Drug Enforcement Administration and the Department of State, which relate to Mr. Zavala, regardless of form or type, as well as any and all notes, reports, memoranda and the like, related thereto.

"Finally, I also request any and all records of any communication, regardless of form or type, between any agency of the United States, including but not limited to the Drug Enforcement Administration, and the PNH that relates to Mr. Zavala." (*See*, Discovery Letter, p.2).

All these items are material to my defense of Mr. Zavala.

Mr. Zavala is alleged to have been present at, and participated in, a June 2014 meeting in Tegucigalpa, Honduras in with the intention of furthering the

objectives of the alleged conspiracy. The other codefendants charged in the Indictment are also alleged to have been present at this meeting with the same intention.

However, two (2) full years elapsed between these events, which seem to be at the core of the case here, and the announcement of the charges against Mr. Zavala and his codefendants in July 2016.

Moreover, during that time, and after Mr. Zavala's attendance at the June 2014 meeting, he remained on the PNH as an active member of the Honduran police force. Mr. Zavala participated successfully in a number of investigations and arrests, some of which were high-profile. Then, and without warning, Mr. Zavala was summarily terminated simultaneously with the announcement of the charges against him here in the United States.

A copy of the MLAT Request is attached hereto as Exhibit B.

The government has responded to my Discovery Letter via an email dated December 21, 2016. A copy is attached hereto as Exhibit C.

As the Court can see, the government has stated that they "are aware of, and in compliance with, our obligations under Rule 16, Brady and Giglio … and will remain in compliance with them in the future."

I had also joined in the specific requests for discovery made by counsel on behalf of their respective clients. In one instance, the government directed me to their inadequate response to the requests made by Kelley Sharkey, Esq., on behalf of codefendant Victor Lopez-Flores. The government did not respond to the extensive requests made by Linda George, Esq. on behalf of codefendant Juan Avila-Meza. Apparently, these had not been received at the time I sought to join in her requests, owing to what is believed to be an email-related error.

Accordingly, I now join in any and all the specific discovery requests made by co-counsel on behalf of their clients, to the extent that these apply to Mr. Zavala.

Regarding the MLAT Request, the government has also advised me that, if Honduras responds, they will review the materials and produce them to me only to the extent the government deems them "subject to our discovery obligations."

Similarly, the government states it is "not aware of any basis for [my] request for 'copies of any and all communications between the Special Commission and any agency of the United States' … which relate to Mr. Zavala."

Finally with regard to discovery, the government reiterates that it is "not aware of any basis for [my] request for 'any and all records of any communication, regardless of form or type, between any agency of the United States …. and the PNH that relates to Mr. Zavala.'"

I urge the Court to direct the government to produce these items as they are material to the defense of Mr. Zavala based on the facts as described above.

Request for bill of particulars.

I also join in the specific requests for a bill of particulars made by co-counsel, pursuant to Fed. R. Crim. Proc. Rule 7(f), and pursuant to the Fifth and Sixth Amendments that guarantee Mr. Zavala's right to present a defense, as well as to safeguard his right to the effective representation of counsel.

I further request that the government provide details regarding Mr. Zavala's alleged participation in the counts in which he is charged in the Indictment, i.e., Counts One and Three.

Count One charges a narcotics importation conspiracy. Count Three charges a related firearms offense. The conspiracy allegedly endured decade. Yet the Indictment is largely silent regarding Mr. Zavala, other than to claim his presence at, and participation in, the June 2014 meeting in Tegucigalpa described above. Precisely what illegal acts Mr. Zavala is alleged to have committed beyond this, and when, remains unknown.

Finally, I also join in the other requests made by co-counsel on behalf of their clients.

Respectfully submitted,

*/s/ H. Leader*

HOWARD LEADER

cc: Emil J. Bove, III, Esq.
    Matthew Laroche, Esq.
        Assistants United States Attorney        (VIA EMAIL AND ECF)

    All counsel of record        (VIA EMAIL AND ECF)