# EXHIBIT B



**U.S. Department of Justice**

Criminal Division

VAA:RT:MAB:JLC:mbb
DOJ: 182-55820 (Please use when responding)

*Office of International Affairs*                    *Washington, D.C.  20530*

To:                    The Central Authority of Honduras

Subject:            Request for Assistance in the Prosecution of Ludwig Criss Zelaya Romero
                        et al.

Date:               August 8, 2016

       The Central Authority of the United States requests the assistance of the appropriate authorities in Honduras pursuant to Article 7 of the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances (the Convention).

       The United States Attorney's Office for the Southern District of New York (the prosecutor) is prosecuting Ludwig Criss Zelaya Romero, Mario Guillermo Mejia Vargas, Juan Manuel Avila Meza, Carlos Jose Zavala Velasquez, Victor Oswaldo Lopez Flores, and Jorge Alfredo Cruz Chavez (the Defendants), six former members of the Pólicia National de Honduras, for their participation in a drug-trafficking conspiracy and related firearms offenses.

       The prosecutor needs assistance from Honduran authorities in obtaining certified copies of official records.  The requested evidence will show participation in the charged drug-trafficking conspiracy and demonstrate that the Defendants were not acting at the direction of the Pólicia National de Honduras when they committed the charged crimes.

### TIME CONSTRAINTS

       Please treat this request as **<u>urgent</u>** and execute it on an expedited basis no later than **September 1, 2016**.  On July 12, 2016, Mejia Vargas, Avila Meza, Zavala Velasquez, Lopez Flores, and Cruz Chavez surrendered voluntarily in the United States.  On July 13, 2016, Zelaya Romero was taken into custody in Honduras based on an extradition request submitted

by the United States. The prosecutor anticipates a trial in early 2017, and will require at least

two months to review the evidence requested from Honduras and conduct any necessary

follow-up investigation to prepare for the trial.

## CONFIDENTIALITY

The details of this criminal investigation are highly sensitive. Pursuant to Article 7(14)

of the Convention, please ensure that this document, its contents, and the fact that this request

has been made, are kept confidential and that such information is not publicly disclosed. Further,

please advise all those who must be made aware of this request for assistance for purposes of its

execution that the contents and subject matter are to be kept confidential and should not be

shared with the subjects of the investigation. Any transfer of information to others may

jeopardize the ongoing investigation and the safety of the witnesses involved.

## THE FACTS

The Defendants were members of the Pólicia National de Honduras and participated in

and supported the drug-trafficking activities of, among others, Fabio Porfirio Lobo Lobo

("Lobo"), the son of former Honduran president Porfirio "Pepe" Lobo Sosa.

### A.      The Drug-Trafficking Conspiracy

In approximately 2004, a Honduran police official introduced a cooperating witness

(CW-1) to Zelaya Romero. Zelaya Romero introduced CW-1 and others to Mejia Vargas.

Between approximately 2005 and at least approximately 2011, CW-1 would notify either Mejia

Vargas or Zelaya Romero in advance each time the drug-trafficking organization with which

CW-1 was affiliated (the Drug-Trafficking Organization) was to receive a load of cocaine in

Honduras, which typically occurred on a monthly basis. During the ground-transportation

segment of the transaction, the Drug-Trafficking Organization typically used a large truck to

carry the cocaine, escorted by multiple security vehicles that included the Defendants. Some, though not all, of the personnel assigned to the security function carried machineguns.

On numerous occasions between approximately 2005 and at least approximately 2011, Zelaya Romero participated directly in this security function for the Drug-Trafficking Organization. He and Mejia Vargas also coordinated with other police officials to bypass, or remove, police checkpoints and other roadblocks over predetermined routes as members of the Drug-Trafficking Organization transported the cocaine. CW-1 typically paid the group of police between $70,000 and $100,000 per load of cocaine, often bringing U.S. dollar-denominated cash to Mejia Vargas directly.

On or about July 10, 2009, Honduran law enforcement authorities arrested Mejia Vargas and nine additional members of the Pólicia National de Honduras in the vicinity of Cruta, Honduras, in connection with the seizure of a kilogram of cocaine, more than 10 pistols, 10 semi-automatic rifles, and large amounts of ammunition. The nine other arrestees from the Pólicia National de Honduras were Juan Francisco Sosa, Karil Alexis Romero-Maldonado, Wilmer Rene Fiallos-Sierra, Marvin Zavala-Nuqes, Victor Ortiz-Maradiaga, Miguel Angel Cerna, Carlos Eduardo Diaz-Nunez, Josue David Villalobos-Maldonado, and Jose Luis Borjas-Valladares. On or about July 11, 2009, based on information from the arrestees, Honduran law enforcement authorities arrested Hugo Ricardo Rivera-Garcia at a location between Cruta and Kauquira, Honduras, and seized approximately 143 kilograms of cocaine that Rivera-Garcia was guarding. The Honduran public prosecutor recommended that Mejia Vargas and the nine other police officials be charged with drug possession and illegal transportation of weapons, among other offenses.

On at least one occasion in or about 2013 or 2014, Zelaya-Romero helped provide armed security for an arriving cocaine-laden aircraft that had to make an emergency landing. Specifically, Zelaya-Romero possessed an AR-15 rifle while the plane landed in Honduras, while other members of the security team possessed semi-automatic pistols, AR-15s, and two rocket-propelled grenades.  After the landing, the bales of cocaine were unloaded from the plane and brought to nearby palm fields by other workers, while Zelaya-Romero and others looked on as armed guards for the drugs.

In or about early 2014, Lobo agreed to provide security and logistical support for the transportation through Honduras of a purported multi-ton load of cocaine that Lobo believed belonged to Mexico's Sinaloa Cartel and would be imported into the United States.  Lobo agreed to provide this assistance on the understanding that he would receive a financial stake in the cocaine, worth over $1 million in profits.

As part of Lobo's agreement, in or about June 2014, Lobo introduced all six of the Defendants to two purported Mexican drug traffickers, who, in fact, were confidential sources (the CSs) acting at the direction of the United States Drug Enforcement Administration (the DEA).  During a videotaped meeting, the CSs made clear, in the presence of all six Defendants, that the cocaine was destined for the United States.

### B.   The Honduran Special Commission

In April 2016, the Government of Honduras established a Special Commission to investigate corruption and other abuses by the Pólicia Nacional de Honduras.  The Special Commission is believed to have commenced investigations of Mejia Vargas, Zelaya Romero, Avila Meza, Zavala Velasquez, and Lopez Flores prior to the time the United States announced the charges against the Defendants.  Following the announcement of the charges in the United

States, the Special Commission is believed to have terminated the employment of each of the Defendants.

### C.    The Defendants' Phone Numbers

After the charges against the Defendants were announced on June 29, 2016, agents from the DEA provided the following telephone numbers, believed to be used by the Defendants, for the purpose of assisting in safely locating and securing the arrests of the Defendants:

- Mejia Vargas: 9648-0781 and 3167-7228

- Avila Meza: 9810-1118

- Zavala Velasquez: 9470-3475

- Cruz Chavez:  9891-8415

- Lopez Flores: 9587-3967 and 9880-6381.

The Honduran authorities may have used these telephone numbers to obtain geolocation data relating to the Defendants and/or commence wiretap investigations with respect to the Defendants.

### D.    Criminal History of Zavala Velasquez

Based on records provided by the Honduran government, the prosecutor believes that Zavala Velasquez was charged with crimes in Honduras relating to (i) the June 2002 murder of Jorge Luis Caceres, and (ii) the December 2006 disappearances of Elvis Zepeda Barrientos and Glenda Patricia Osorio.

## THE OFFENSES

| | |
|---|---|
| **Title 21, United States Code, Section 963** | Cocaine-importation conspiracy |
| **Title 18, United States Code, Section 924** | Using and carrying firearms during and in furtherance of a drug-trafficking crime, and conspiring to do so |

5

## SUBJECTS OF THE PROSECUTION

1.   **Ludwig Criss Zelaya Romero**

   | | |
   |---|---|
   | Alias: | N/A |
   | Date of Birth: | April 25, 1977 |
   | Place of Birth: | Honduras |
   | Citizenship: | Honduran |
   | Passport Number: | E001392 (Honduras) |
   | Address: | Formerly, Tegucigalpa, Honduras |
   | ID Number: | 0704-1977-00370 |

2.   **Mario Guillermo Mejia Vargas**

   | | |
   |---|---|
   | Alias: | N/A |
   | Date of Birth: | October 18, 1969 |
   | Place of Birth: | Honduras |
   | Citizenship: | Honduran |
   | Passport Number: | C139483, C139400 (Honduras) |
   | Address: | Formerly, Tegucigalpa, Honduras |
   | ID Number: | 0501-1969-08032 |

3.   **Juan Manuel Avila Meza**

   | | |
   |---|---|
   | Alias: | N/A |
   | Date of Birth: | August 22, 1970 |
   | Place of Birth: | Honduras |
   | Citizenship: | Honduran |
   | Passport Number: | C669247, B181924 (Honduras) |
   | Address: | Formerly, Comayagua, Honduras |
   | ID Number: | 0318-1970-00828 |

4.   **Carlos Jose Zavala Velasquez**

   | | |
   |---|---|
   | Alias: | "Chino" |
   | Date of Birth: | July 14, 1971 |
   | Place of Birth: | Honduras |
   | Citizenship: | Honduran |
   | Passport Number: | B119691 (Honduras) |
   | Address: | Formerly, Tela, Honduras |
   | ID Number: | 1503-1971-00686 |

5.   **Victor Oswaldo Lopez Flores**

| | |
|---|---|
| Alias: | N/A |
| Date of Birth: | October 18, 1972 |
| Place of Birth: | Honduras |
| Citizenship: | Honduran |
| Passport Number: | C618439 (Honduras) |
| Address: | Formerly, San Pedro Sula, Honduras |
| ID Number: | 0501-1972-07648 |

6.   **Jorge Alfredo Cruz Chavez**

| | |
|---|---|
| Alias: | N/A |
| Date of Birth: | April 17, 1977 |
| Place of Birth: | Honduras |
| Citizenship: | Honduran |
| Passport Number: | C563331 (Honduras) |
| Address: | Formerly, Tegucigalpa, Honduras |
| ID Number: | 0201-1977-00185 |

## ASSISTANCE REQUESTED

A.   <u>Personnel Records from the Pólicia Nacional de Honduras</u>

Please have the custodian of records from the Pólicia Nacional de Honduras provide

certified copies of the personnel file relating to:

1.   Ludwig Criss Zelaya Romero,

2.   Mario Guillermo Mejia Vargas,

3.   Juan Manuel Avila Meza,

4.   Carlos Jose Zavala Velasquez,

5.   Victor Oswaldo Lopez Flores, and

6.   Jorge Alfredo Cruz Chavez.

Records should include, but not be limited to:

a.  application materials submitted by each Defendant;

b.  dates of employment;

7

    c.  positions held;

    d.  ranks achieved;

    e.  training provided by the Pólicia Nacional de Honduras, including training to conduct undercover investigations; and

    f.  any civilian complaints made against each Defendant and records of any disciplinary investigations and related sanctions.

B.    <u>Records of Undercover Investigations</u>

Please have the relevant custodian of records from the Pólicia Nacional de Honduras provide certified copies of all reports and records relating to any undercover investigation that any of the following Defendants was authorized to participate in during 2014, including but not limited to any judicial warrants authorizing such undercover investigations:

1.    Ludwig Criss Zelaya Romero,
2.    Mario Guillermo Mejia Vargas,
3.    Juan Manuel Avila Meza,
4.    Carlos Jose Zavala Velasquez,
5.    Victor Oswaldo Lopez Flores, and
6.    Jorge Alfredo Cruz Chavez.

To the extent that no such reports and records exist, please (1) identify the relevant custodian of records who can describe the search that was conducted and confirm that no records were located, and (2) invite the custodian to travel to the Southern District of New York at the request and expense of the United States government to testify at trial.

C.    <u>Criminal History Reports</u>

Please have the relevant custodian of records provide copies of records relating to any criminal histories for the following Defendants:

1.    Ludwig Criss Zelaya Romero,
2.    Mario Guillermo Mejia Vargas,
3.    Juan Manuel Avila Meza,

8

4.      Carlos Jose Zavala Velasquez,
5.      Victor Oswaldo Lopez Flores, and
6.      Jorge Alfredo Cruz Chavez.

Records should include, but not be limited to:

1.  arrests of any of the Defendants,

2.  charges filed against any of the Defendants,

3.  prosecutions or criminal cases against any of the Defendants (including the

    manner in which all such cases were resolved), and judgments entered against

    any of the Defendants (including details of the sentence imposed).

D.      <u>Records of the Special Commission in Honduras</u>

Please have the relevant custodian of records provide certified copies of:

1.  all reports, investigative files, and evidence presented to, evaluated by, or obtained by

    the Special Commission in connection with its investigation of the Defendants; and

2.  all reports prepared by the Special Commission reflecting its determinations,

    conclusions, and disciplinary decisions with respect to the Defendants.

E.      <u>Wiretap and Geolocation Records</u>

Please have the relevant custodian of records provide certified copies of all applications,

court orders, geolocation data, and intercepted communications relating to any phone number

used by any of the following Defendants, including, but not limited to, the numbers identified:

1.  Mejia Vargas: 9648-0781 and 3167-7228

2.  Avila Meza: 9810-1118

3.  Zavala Velasquez: 9470-3475

5.  Cruz Chavez:  9891-8415

6.  Lopez Flores: 9587-3967 and 9880-6381.

9

F.      Investigative and Official Records

Please have the relevant custodian of records provide certified copies of the investigative

records, evidence, and reports pertaining to:

1.      the June 2002 murder of Jorge Luis Caceres,

2.      the December 2006 disappearances of Elvis Zepeda Barrientos and Glenda

        Patricia Osorio, and

3.      the July 2009 arrests of Mejia Vargas and nine other members of the Pólicia

        Nacional de Honduras.

Requested records should include, but not be limited to, the following:

1.      investigative reports, notes and any written statements of law enforcement

        officers, forensic chemists or analysts, and evidence technicians;

2.      statements of witnesses;

3.      transcripts of any audio or visual recordings;

4.      all videos, photographs, and audio recordings obtained during the investigation;

5.      a copy of the inventory list of drug and non-drug related items seized;

6.      copies of all documentation concerning any forensic analysis performed on any

        items that were seized;

7.      copies of all documentation concerning any field tests or preliminary tests

        performed on any substance seized; and

8.      copies of any other relevant documents, papers, photographs, items, or tangible

        objects associated with the investigation.

These records are being requested because the prosecutor expects to use the evidence: (1)

at trial, as proof of the background of the charged drug-trafficking and weapons-trafficking

10

conspiracies as well as prior acts by the Defendants that demonstrate intent, common scheme, and plan; (2) at sentencing, as evidence of personal characteristics of the pertinent Defendant(s) that warrant punishment; and (3) in connection with the investigation of the Defendants' known and unknown co-conspirators, which is ongoing.

## PROCEDURES REQUESTED

In accordance with Article 7(10)(d) of the Convention, please ask the executing authority to do the following:

1. cause the custodian of the records to produce certified copies of the official records;

2. attach an attestation that the documents are official records provided in his or her official capacity, or, in the event that the official does not have a formal certificate, stamp or seal of attestation, have him or her complete and attach an *Attestation of Authenticity of Official Records* (Attachment A); and

3. attach an apostille in accordance with the Hague Convention Abolishing the Requirement of Legalization of Foreign Public Documents, certifying the authenticity of the signature and official position of the custodian who provided the official records.

## NEED FOR PROCEDURES REQUESTED

The prosecutor needs execution of the attached Attestation of Authenticity of Official Records (or comparable attestation that the records are official records provided in an official capacity) in order to receive the requested official records into evidence in accordance with the requirements of United States law. Ordinarily, foreign public records may be received into evidence if they purport to be executed or attested in an official capacity by a person authorized by the laws of the foreign country to make the execution of attestation and are accompanied by an apostille, pursuant to the Hague Convention Abolishing the Requirements of Legalization of Foreign Public Documents. The evidentiary rules permitting this procedure require an executed certificate or attestation.

11

## CONTACT

Please contact Trial Attorney Josh Cavinato at the Office of International Affairs at 202-305-8048 or Josh.Cavinato@usdoj.gov should you have any questions concerning this request.

## CONCLUSION

Please extend our gratitude to all Honduran authorities for their continued cooperation in this matter.  We thank you for your attention to this request for assistance, pertaining to Ludwig Criss Zelaya Romero et al., and extend the assurance of our highest consideration.

_8 August 2016_
Date

_Randy Toledo_
Randy Toledo
Acting Principal Deputy Director
Office of International Affairs

12

(Attachment A)
## ATTESTATION OF AUTHENTICITY OF OFFICIAL RECORDS

I, _____ , attest that my position with the
　　　　　(Name)

Government of Honduras is _____ and that in
　　　　　　　　　　　　　　　　　　(Official Title)

that position I am authorized by the laws of Honduras to attest that the documents attached

hereto and described below:

    (1)    are true copies of official records that are authorized by the laws of Honduras
to be recorded or filed in _____ , which
　　　　　　　　　　　　　　　　(Name of Public Office or Agency)
        is a government office or agency; and

    (2)    set forth matters which are required by the laws of Honduras to be reported and

        recorded or filed.

Description of Documents:


                                                              _____
                                                                (Signature)

(SEAL)

                                                                _____
                                                                (Date)