```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                      :
 UNITED STATES OF AMERICA                             :
                                     Plaintiff,       :
                                                      :    15 Cr. 174-01 (LGS)
                       -against-                      :
                                                      :          ORDER
 FABIO PORFIRIO LOBO,                                 :
                                     Defendant,       :
-------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, on January 26, 2021, *pro se* Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing health risks related to COVID-19 at the facility where he is incarcerated, Federal Correctional Institution, Coleman Low ("FCI Coleman Low") (Dkt. No. 491). On February 8, 2021, the Government filed a response in opposition (Dkt. No. 497).

WHEREAS, on May 16, 2016, Defendant pleaded guilty to participating in a conspiracy to import five or more kilograms of cocaine into the United States. On September 5, 2017, Defendant was sentenced to 288 months' imprisonment. The Second Circuit Court of Appeals affirmed that sentence on September 20, 2018, *see United States v. Romero*, 904 F.3d 238 (2d Cir. 2018), and the Supreme Court denied a writ of *certiorari* on January 14, 2019, *see Lobo v. United States*, 139 S. Ct. 933 (2019). The Government represents that Defendant's current expected release date is November 1, 2035, with credit for good time served. Defendant has served approximately five years and eight months of his sentence.

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include (1)

"the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in sentence. The serious nature of the offense, Defendant's history and the need for deterrence and non-recidivism remain unchanged. As noted at sentencing, Defendant served as an essential element of a massive, years-long and violent drug trafficking operation into the United States, using his unique connections and reputation as the son of the President of Honduras to facilitate drug trafficking activities at the highest levels of the Honduran government. Defendant's 288-month sentence was below the Guidelines range of 360 months to life when imposed. Reducing a twenty-four year incarceratory sentence to five years and eight months would not accomplish the "need for the sentence imposed . . . to reflect the seriousness of the offense and afford just punishment" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B); *see, e.g.*, *U.S. v. Haney*, 19 Cr. 541, 2020 WL 1821988, at *7 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's motion for compassionate release where release would reduce a forty-two-month sentence to nine months). Defendant argues that he has been successfully rehabilitated, noting that he has taken several hours of educational and

2

vocational courses while incarcerated and will live with his sister if released.  Defendant's rehabilitative efforts are to his credit but are insufficient to overcome the continuing and significant § 3553(a) concerns discussed above.

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1-2 (S.D.N.Y. Jan. 15, 2020).  The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction.  *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).  Because Defendant appears *pro se*, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest."  *Williams v.*

3

*Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

WHEREAS, the Centers for Disease Control ("CDC") has stated that people of any age with hypertension and moderate-to-severe asthma might be at an increased risk of severe illness due to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited February 12, 2021) (the "CDC Guidance"). The CDC has stated that individuals with obesity, defined as a body mass index ("BMI") between 30 and 40, are at increased risk of severe illness from COVID-19. *Id.* Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. Mar. 19, 2020).

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances that warrant reducing his 288-month incarceratory sentence to five years and eight months. Defendant is fifty years old and identifies three medical conditions that he asserts justify release due to the risks of COVID-19: "hypertension, respiratory infections, and kidney problems."

First, Defendant's Bureau of Prisons ("BOP") medical records show that he has "benign essential hypertension," which BOP has successfully treated with medication since 2015. Defendant's hypertension does not constitute an extraordinary and compelling justification for release. The CDC Guidance states that pulmonary hypertension is a proven risk factor for COVID-19, while Defendant has essential hypertension, identified by the CDC Guidance only as a possible risk factor. *See United States v. Sattar*, 467 F. Supp. 3d 152, 155 (S.D.N.Y. 2020) (denying compassionate release to a 60-year-old inmate with essential hypertension because, "at this point, the [CDC] guidance suggests that pulmonary hypertension, which [the inmate] does

4

not claim to suffer from, is a genuine risk factor, and the guidance does not suggest that regular hypertension, which [the inmate] does claim to suffer from, is a risk factor."). Compassionate release is also not warranted because Defendant's hypertension is being monitored and treated. *See United States v. Hasan-Hafez*, 16 Cr. 221-2, 2020 WL 2836782, at *4 (S.D.N.Y. June 1, 2020) (finding no extraordinary and compelling circumstances where BOP managed defendant's "various co-morbidities that the CDC has recognized as presenting an increased risk" of severe complications with COVID-19); *United States v. Slater*, No. 04 Cr. 48-36, Dkt. No. 1251 at 4-5 (S.D.N.Y. June 30, 2020) ("[G]eneric hypertension is a common condition shared by more than 75 million Americans and can usually be effectively managed through monitoring and medication." (citing https://www.merckmanuals.com/professional/cardiovascular-disorders/hypertension)).

Second, the respiratory issues identified in Defendant's BOP records are (1) occasional influenza symptoms and (2) lung inflammation and trouble breathing following a fall in 2016. Defendant received treatment for those issues, as well as annual influenza vaccines. Because (1) the record shows no chronic or severe respiratory issues and (2) BOP has effectively managed Defendant's respiratory issues, those issues do not constitute an extraordinary and compelling justification for release. *See Hasan-Hafez*, 2020 WL 2836782, at *4.

Third, Defendant does not specify, nor do his BOP medical records show, any kidney issues. Defendant has received yearly tests of his kidney function and his test results fall within the normal range set by the National Institutes of Health, *see* Nat'l Inst. of Health, *Explaining Your Kidney Test Results: A Tool for Clinical Use*, https://www.niddk.nih.gov/health-information/professionals/advanced-search/explain-kidney-test-results (last visited February 12, 2021).

WHEREAS, Defendant's medical records show two further conditions.  First, Defendant has hyperlipidemia, which does not constitute an extraordinary and compelling justification for release because (1) the CDC Guidance does not recognize hyperlipidemia as a factor increasing the risk of severe illness from COVID-19, and (2) BOP is monitoring and treating Defendant's hyperlipidemia.

Second, Defendant is obese, with a BMI between 31 and 31.9.  This condition increases his risk of severe illness from COVID-19 per the CDC Guidance, but does not rise to the level of an "extraordinary and compelling" circumstance.  Although the risk of complications arising from Defendant's obesity should he contract COVID-19 is concerning, "numerous courts in this Circuit have continued to hold that obesity – particularly where, as here, the movant's BMI is just barely above 30 – does not constitute 'extraordinary and compelling' circumstances calling for relief."  *United States v. Suarez*, No. 16 Cr. 453, 2020 WL 7646888, at *4 (S.D.N.Y. Dec. 23, 2020) (collecting cases).  Even if Defendant's obesity were an extraordinary and compelling circumstance, the § 3553(a) factors would outweigh this consideration for the reasons given above.

WHEREAS, Defendant generally claims that his risk of COVID-19 infection is unduly high due to the number of cases and conditions of confinement at his facility, FCI Coleman Low. This argument is unpersuasive.  First, Defendant's medical conditions do not establish an extraordinary and compelling reason for release due to the risk of COVID-19, as discussed above. Second, Defendant has regular access to effective medical care, as evidenced by his medical records.  Third, FCI Coleman Low, like other BOP facilities, has implemented COVID-19 mitigation measures, including masks, social distancing and temperature-taking protocols.  *See* Bureau of Prisons, *BOP Modified Operations*,

https://www.bop.gov/coronavirus/covid19_status.jsp (last visited February 12, 2021). Fourth, as of February 12, 2021, FCI Coleman Low had only 23 coronavirus cases among staff, and none among inmates, *see* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited February 12, 2021), and courts have persuasively noted that conditions there do not rise to the level of extraordinary and compelling circumstances, *see, e.g.*, *United States v. Williams*, No. 10 Cr. 13, 2021 WL 289063, at *2 (M.D. Fla. Jan. 28, 2021) ("[T]he conditions at Coleman Low FCI do not rise to the level of extraordinary and compelling circumstances . . . [t]he state of affairs at Coleman Low FCI is not exceptional compared to other prisons."). In light of this evidence, Defendant has not established that conditions at FCI Coleman Low constitute an extraordinary and compelling justification for release. That conclusion is bolstered by the fact that Defendant's BOP records show that on January 4, 2021, he refused the Moderna COVID-19 vaccine for unspecified reasons. And even if conditions at FCI Coleman Low were an extraordinary and compelling justification for release, the § 3553(a) factors would outweigh that justification for the reasons given above. Accordingly, it is hereby

**ORDERED** that Defendant's motion for compassionate release is denied. The Clerk of Court is respectfully directed to close the docket entry at no. 491 and mail a copy of this Order to *pro se* Defendant.

Dated: February 12, 2021
   New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7