UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                      :
                    Plaintiff,        :
:       15 Crim. 174-01 (LGS)
       -against-                           :
:                **ORDER**
FABIO PORFIRIO LOBO,                           :
                    Defendant.       :
:
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, familiarity with the background of this case is assumed, including Defendant's significant participation, as the son of the President of Honduras, in a major drug-trafficking organization.

    WHEREAS, the February 12, 2021, Order (the "Denial Order") denied Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 498).

    WHEREAS, on March 10, 2021, Defendant filed a *pro se* motion for reconsideration (Dkt. No. 505).

    WHEREAS, Rule 49.1(d) of the Local Rules permits motions for reconsideration accompanied by a memorandum "setting forth concisely the matters or controlling decisions which [the movant] believes the Court has overlooked." "A motion for reconsideration should be granted only when [a party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Impax Labs., Inc. v. Turing Pharm. AG*, No. 16 Civ. 3241, 2018 WL 4007641, at *3 (S.D.N.Y. Aug. 21, 2018). A motion for reconsideration is

"not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord In re Effecten-Spiegel AG*, No. 18 Misc. 93, 2018 WL 3812444, at *3 (S.D.N.Y. Aug. 10, 2018). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted); *see also United States v. Blumenberg*, 506 F. App'x 53, 54 (2d Cir. 2012) (summary order) (applying the *Shrader* standard in a criminal case). Because Defendant appears *pro se*, the Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

WHEREAS, Defendant argues that he has been successfully rehabilitated. This argument does not warrant reconsideration because Defendant made the same argument in his original motion, where it was rejected due to continuing and significant concerns under 18 U.S.C. § 3553(a) counseling against compassionate release: (1) the serious nature of the offense, (2) Defendant's history and (3) the need for deterrence and non-recidivism.

WHEREAS, Defendant again notes the risks of COVID-19 outbreaks at his facility, FCI Coleman Low. Defendant's arguments on this point repeat those made in his original motion. The Denial Order rejected those arguments due to (1) Defendant's lack of medical conditions establishing an extraordinary and compelling reason for release; (2) Defendant's regular access to medical care; (3) FCI Coleman Low's implementation of COVID-19 mitigation measures and (4) the low number of COVID-19 cases at FCI Coleman Low. Reconsideration on this basis is improper because Defendant identifies no controlling decisions or data that the Court overlooked

in deciding his first motion.  Defendant instead claims for the first time that (1) inmates and guards at FCI Coleman Low sometimes do not wear masks and (2) the warden has refused to conduct testing to cover up a widespread outbreak at the facility.  These assertions are belied by (1) current Bureau of Prisons COVID-19 data for FCI Coleman Low, which shows that one inmate and twenty-six staff members have COVID-19 as of March 11, 2021, *see* Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited March 11, 2021), and (2) the persuasive reasoning of courts that have noted that conditions at FCI Coleman Low do not rise to the level of extraordinary and compelling circumstances warranting compassionate release, *see, e.g.*, *United States v. Williams*, No. 10 Cr. 13, 2021 WL 289063, at *2 (M.D. Fla. Jan. 28, 2021) ("[T]he conditions at Coleman Low FCI do not rise to the level of extraordinary and compelling circumstances . . . [t]he state of affairs at Coleman Low FCI is not exceptional compared to other prisons.").

WHEREAS, Defendant again claims that he has underlying medical conditions that put him at increased risk for serious COVID-19 complications.  Unlike his original motion, Defendant does not identify any such medical conditions.  Because Defendant has not identified any controlling decisions or data overlooked by the Court, reconsideration on this ground is unwarranted.

WHEREAS, Defendant generally identifies caselaw stating that unduly dangerous conditions in prisons may warrant compassionate release.  These cases are consistent with the law used by the Court in deciding Defendant's original motion for compassionate release, which asks (1) whether "extraordinary and compelling reasons" warrant release, 18 U.S.C. § 3582(c)(1)(A)(i), and (2) whether the factors set forth in 18 U.S.C. § 3553(a) support compassionate release.  Because Defendant identifies no controlling law overlooked by the Court

suggesting that the Denial Order was wrongly decided, reconsideration on this ground is unwarranted. It is hereby

**ORDERED** that for the foregoing reasons, the motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Defendant.

Dated:  March 11, 2021
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4