UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE 15-CR-174 (LGS)

FABIO PORFIRIO LOBO

    Movant - ProSe,

V.

UNITED STATES OF AMERICA,

    Respondent.

Defendant's application is GRANTED in part as unopposed, pursuant to the letter from Mr. Retureta at Dkt. No. 574. Defendant's case file will be delivered to him subject to the resolution of the logistical issues and confidentiality issues raised in that letter, pursuant to the Order at Dkt. No. 575.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 538.

Dated: March 1, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

## MOTION TO COMPEL DEFENSE COUNSEL TO SURRENDER THE CASE FILE IN THE ABOVE STYLED ACTION TO THE DEFENDANT OF THIS CASE

COMES NOW the Defendant, Fabio Porfirio Lobo in PRO SE, in necessity, and hereby MOVES this HONORABLE COURT to ISSUE and ORDER, Compelling Defense Counsel of record, Manuel Retureta ("Retureta") to surrender the Case/Work File he created in representing the Defendant. The Defendant hereby avers that the Case/Work File, generated and/or created by Defense Counsel of record, include but are not limited to:

    1) All confidential/or not correspondence, emails, contact through social media, text messages, memorandums, notes, communications between Counsel Retureta or his office with the U.S. Attorneys, assistants, law enforcement and with any person/entity involved in this case.

    2) All discovery, filings, responses, motions and transcripts.

    3) All personal notes, memos related to this case.

The Defendant hereby avers that he intends to pursue a Constitutional Habeas Corpus. The records

1

that the Defendant seeks are necessary for preparation of such pleadings and are the Defendant's property. In support, the Defendant shows the Court the following:

1) To date, Defense Counsel of record, has failed to surrender Defendant's ENTIRE Case/Work File to the Defendant, the Defendant asserts that, based on the FACT that Counsel is CLEARLY aware that the Defendant seeks these records to pursue Post-Conviction Relief, Counsel is attempting to frustrate his (Defendant's) attempts to prepare a meritorious habeas corpus relief attacking Counsel's INEFFECTIVENESS during all crucial points of proceedings.

2) The Defendant seeks the ACTIVE PROTECTION of this Court through a Court ORDER directing Defense Counsel of record to surrender the ENTIRE Case/Work File to the Defendant.

3) The Court may ORDER Defense Counsel of record to surrender the Defendant's Case/Work File. First, the Defendant is entitled to the Case/Work File because it was created during the time period that Counsel represented the Defendant. Second, both law and the American BAR Association recognize that Counsel has a duty not to obstruct the Defendant's attempts to challenge his conviction and/or sentence. See **ABA Standards for Criminal Justice**, Defense Functions Standards and Commentary ("The resounding message is that defense attorneys, because of their intimate knowledge of the trial proceedings and their possession of unique information regarding possible post-conviction claims, have an obligation to cooperate with the client's attempt to challenge their convictions."); **United States v. Dorman**, 58 M.J. 295 (C.A.A.F. 2003); **Hiatt v. Clark**, Ky. No. 2005-SC-455-MR (6/15/06).See also **Maxwell v. Florida**, 479 U.S. 972, 93 L. Ed. 2d 418-420, 107 S.Ct. 474 (1986) ("The right to effective assistance fully encompasses the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense. It further entitles the client to utilize materials contained in

these files in any proceedings at which the adequacy of trial counsel's representation may be challenged."); **Spivey v. Zant**, 683 F. 2d 881, 885 (5th. Cir. 1982)(Habeas Corpus petitioner is entitled to former trial attorneys file and the work product doctrine does not apply to situations in which the client seeks access to documents or other tangible thins created during course of attorneys' representation.) **Fed. R. Civ. P. Rule (37) (a) (4)** (an evasive or <u>incomplete disclosure</u> [] must be treated as a failure to disclose).

4) Finally, it is clear to Defense Counsel that the Defendant is diligently seeking to obtain his Case/Work File and other Tangible things. Counsel recognizes that the Defendant has a right to his Case/Work File.

WHEREFORE NOW, above premises considered, the Defendant, hereby MOVES this HONORABLE COURT to ISSUE and ORDER compelling Defense Counsel of record to surrender the complete Case/Work File to the Defendant as pertains to the Defendant's Criminal Case, furthermore, that Counsel send the materials in accordance with BOP regulations regarding digital files and CLEARLY MARKED: "LEGAL MAIL, OPEN ONLY IN THE PRESENCE OF THE INMMATE" and mail to

Fabio Porfirio Lobo
Reg # 92384-054
Federal Correctional Institution
Coleman – low
P.O. Box 1031
Coleman, Florida 33521

## Certificate of Service

I HEREBY CERTIFY that on March 24, 2020 I sent a true and correct copy of the foregoing with the Clerk of the Southern District of Florida Court, which will send a notice of filing to all parties and served a copy upon the following via certified U.S. mail:

> Manuel Retureta, Esq.
> 300 New Jersey Avenue, N.W. suite 900
> Washington, D.C. 20001

## Declaration

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and memory.

Fabio Porfirio Lobo
Reg. # 91384-054
Federal Correctional Institution
Coleman – low
P.O. Box 1031, Coleman, Florida 33521